UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EULAUNDA FORD, | ) |
| | ) |
| Plaintiff, | )  Case: 4:25-cv-00026 |
| | ) |
| v. | ) |
| | ) |
| SP PLUS CORPORATION, | ) |
| | ) |
| Defendant. | )  Jury Trial Demanded |
| | ) |

## COMPLAINT

Plaintiff, Eulaunda Ford ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against SP Plus Corporation ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.* and 29 U.S.C. § 2601 *et seq*.

4.  Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.  All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq* have occurred or been complied with.

6.  A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.  At all times material to the allegations of this Complaint, Plaintiff, Eulaunda Ford, resides in St. Louis County in the State of Missouri.

9.  At all times material to the allegations in this Complaint, Defendant, SP Plus Corporation, is a corporation doing business in and for St. Louis County whose address is 10701 Lambert International Boulevard, St. Louis, Missouri 63145.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

11. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by ADA and 29 U.S.C.§ 2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff was hired by Defendant as Facility Manager on or around January 3, 2018.

13. Plaintiff's essential duties as a facility manager, included but were not limited to:

   a. Assist in customer satisfaction and making phone calls;

   b. Monitor report data to ensure effectiveness and efficiency;

   c. Ensure there are enough drivers.

14. Plaintiff was qualified for their position and was known to develop, meet and exceed performance standards for Plaintiff's job title.

15. Plaintiff received satisfactory feedback from Defendants about their work performance.

16. Plaintiff suffers from both Lupus and Diabetes – recognized disabilities under the ADA.

17. Plaintiff is a "qualified individual" as defined under the ADA.

18. Regardless of Plaintiff's disability, she was qualified to perform the essential functions of her job.

19. In or around February 2024, Plaintiff began medical leave due to a flare-up of her medical condition.

20. Therefore, Defendant was informed of Plaintiff's medical condition and was effectively a request for an accommodation in the form of leave.

21. This leave was covered under the Family and Medical Leave Act (FMLA), and Plaintiff was scheduled to return to work in early in or around March 2024.

22. However, Plaintiff's doctor recommended extending Plaintiff's medical leave until in or around April 2024.

23. Plaintiff attempted informed her supervisor, Wanda Vernor ("Ms. Vernor"), of this extension, but Plaintiff's attempts to communicate were ignored, and no one from Defendant responded to her requests.

24. Eventually, Ms. Vernor texted Plaintiff stating that Plaintiff had to speak with Greg Luckett ("Mr. Luckett"), another supervisor, before returning to work.

25. In or around March 3, 2024, Plaintiff physically went into the building for a scheduled meeting.

26. Plaintiff texted Ms. Vernor about Plaintiff's doctor's extension of her medical leave but still received no response.

27. A few days later, Plaintiff was told she had to meet with Mr. Luckett.

28. During this meeting, Mr. Luckett presented Plaintiff with a write-up and informed Plaintiff that she was being terminated.

29. Mr. Luckett claimed Plaintiff was allegedly using her phone at work, though he could not verify if it was work-related because the audio could not be heard.

30. Using Plaintiff's phone was part of her job responsibilities, so the accusation was baseless.

31. Therefore, Defendant was terminating Plaintiff for a pretextual reason, as the accusation could not even be confirmed as a non-work-related phone call.

32. Additionally, Mr. Luckett stated, "This happened before you went on leave."

33. When Plaintiff reminded him that she was being terminated while on medical leave, Mr. Luckett responded, "Well, fuck."

34. Additionally, Plaintiff learned from other employees that Ms. Vernor referred to Plaintiff as the "b-word" behind her back.

35. Not to mention, Plaintiff had to take a previous medical leave that she took in or around July 2023 till in or around October 2023 due to disability flare-ups as a result of Ms. Vernor causing Plaintiff unnecessary stress.

36. By terminated Plaintiff while Plaintiff was on medical leave not only interfered with Plaintiff's rights to FMLA but also is retaliation in response to Plaintiff taking approved medical leave.

37. Also, Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request to go on approved medical leave and to return to work at its conclusion.

38. Ultimately, on or about March 3, 2024, Defendant unlawfully terminated Plaintiff on the basis of Plaintiff's disability and engaging in protected activity as described above and/or in retaliation for taking FMLA leave.

39. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

40. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff took FMLA medical leave beginning in February 2024.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

5

41. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

46. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

47. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

48. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

49. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

50. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

51. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans

6

with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

52. Plaintiff is a qualified individual with a disability.

53. Defendant was aware of the disability and the need for accommodations.

54. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

55. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

56. Defendant did not accommodate Plaintiff's disability.

57. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

60. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

62. Defendant knew or should have known of the harassment.

63. The disability-based harassment was severe or pervasive.

7

64. The disability-based harassment was offensive subjectively and objectively.

65. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

68. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

69. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

70. During Plaintiff's employment with Defendant, Plaintiff requested and was approved for accommodations in the form of leave.

71. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

72. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff utilizing approved accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

73. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

74. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawful Denial of FMLA Rights)

76. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

77. On January 3, 2019, Plaintiff was eligible for FMLA leave.

78. At all times material, Plaintiff gave proper notice to her employer by informing them of the serious medical condition, which required Plaintiff to take FMLA leave due to a flare-up of her medical condition.

79. Defendant controlled Plaintiff's work schedule and conditions of employment.

80. Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

81. Despite their knowledge of Plaintiff's medical condition and life-threatening situation, Defendant terminated Plaintiff's employment while Plaintiff was still on her approved medical leave.

82. When Plaintiff's employer terminated Plaintiff's employment while on approved medical leave, Defendant interfered with Plaintiff's right to take her medical leave and return to her position following leave.

83. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

84. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

85. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
## Violation of the Family Medical Leave Act
## (FMLA Retaliation)

86. Plaintiff repeats and re-alleges paragraphs 1-40 as if fully stated herein.

87. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

88. Defendant terminated Plaintiff because requested and took FMLA leave as described above.

89. Specifically, Plaintiff requested FMLA leave in or around February 2024 due to a flare up of her disability.

90. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

91. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

92. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's

favor and against Defendant as follows:

      a.      Back pay with interest;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of January 2025.

                */s/ Chad W. Eisenback*
                **CHAD W. EISENBACK, ESQ.**
                IL Bar No.: 6340657
                **SULAIMAN LAW GROUP LTD.**
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (331) 307 - 7632
                Fax (630) 575 - 8188
                ceisenback@sulaimanlaw.com
                *Attorney for Plaintiff*